UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SHANNELL M. JACKSON,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
                                  /

Case No.  1:15-cv-384

HON. JANET T. NEFF

## **OPINION**

       This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff Shannell Jackson seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

## **STANDARD OF REVIEW**

       The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process.  *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who

is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 28 years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.156, 349.) She attended special education classes and successfully completed high school. (PageID.187.) Plaintiff was also previously employed as a school bus monitor and as a direct care worker. (PageID.212.) Prior to the instant case, Plaintiff was denied benefits by the Commissioner on June 22, 2012, but it does not appear Plaintiff appealed that decision. (PageID.274–81.) In the instant matter, Plaintiff filed for benefits on December 6, 2012, alleging

that she had been disabled since May 31, 2012, due to depression, panic/anxiety attacks, and bipolar disorder. (PageID.245, 258, 349–62.) Plaintiff's applications were denied on February 11, 2015, after which time she requested a hearing before an ALJ. (PageID.282–95.) On October 16, 2013, Plaintiff appeared with her counsel before ALJ Michael Condon for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.178–217.) In a written decision dated November 22, 2013, the ALJ determined that Plaintiff was not disabled. (PageID.156–177.) On February 11, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.25–31.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

3

nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC).  *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).  At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Condon determined Plaintiff's claim failed at the fourth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 31, 2012, the alleged onset date.  (PageID.161.)  At step two, the ALJ determined Plaintiff had the following severe impairments: (1) obesity; (2) bipolar disorder; (3) major depressive disorder, (MDD), recurrent severe with psychotic features; (4) anxiety disorder, not otherwise specified (NOS); (5) learning disorder NOS; and (6) syncope.  (PageID.161–62.)  At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments.  (PageID.162–64.)  At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: no climbing of ladders, ropes, or scaffolds; no exposure to hazards, including unprotected heights and dangerous moving machinery; limited to simple, routine work in a low-stress work environment with no fast pace or production rate quotas; limited to simple work-related decisions and can tolerate only occasional workplace changes and those must be introduced gradually; no more than frequent contact with the general public, coworkers, and supervisors; and no operation of motorized vehicles.

(PageID.164.)

Continuing with the fourth step, the ALJ determined that Plaintiff was capable of performing her past relevant work as a school bus monitor as it was generally and actually performed. (PageID.169.) Having made his determination at step 4, the ALJ was not required to proceed with the sequential analysis and entered a finding that Plaintiff was not disabled. However, the ALJ included an alternative step 5 finding that there was a significant number of jobs in the economy Plaintiff could perform, Relying on VE testimony, the ALJ identified 8,000 jobs in the state of Michigan and 92,000 jobs in the national economy as a laundry worker, floor cleaner, and packager, that an individual similar to Plaintiff could perform. (PageID.212–177.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from her alleged disability onset date through November 22, 2013, the date of the decision. (PageID.171.)

## DISCUSSION

Plaintiff presents the following claims of error:

1. The post-hearing evidence confirmed that the ALJ did not have substantial evidence to support his findings regarding Plaintiff's RFC and credibility, which requires remand of this case;

2. The ALJ committed reversible error by failing to properly weigh the evidence and by failing to mention the opinions of treating mental health counselors and a psychiatrist; and

3. The ALJ committed reversible error by making an improper assessment of Plaintiff's credibility.

(PageID.894.) The Court will discuss the issues below.

**1.**

Plaintiff's first claim of error mentions several pieces of evidence that were not before the ALJ at the time of his decision. Plaintiff apparently seeks a sentence six remand. "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 482–83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99–100 (1991)); *see DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 n.3 (6th Cir. 2014); *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653–54 (6th Cir. 2009). The Court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence-six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence she now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

The ALJ entered his decision on November 22, 2013. (PageID.156.) The medical records Plaintiff seeks to introduce are dated January 15, 2014, March 12, 2014, March 17, 2014, and May 7, 2014. On January 15, 2014, it appears Plaintiff was seen by two providers for suicidal

6

ideations, where she was treated and advised to continue her medications. (PageID.117–19, 145–47.) On March 12, 2014, Plaintiff went to the ER after experiencing dizziness while receiving an MRI scan. Plaintiff mentioned she had past experiences with "blacking out" though it is not clear whether this is what happened on that occasion. Plaintiff was given IV medications and discharged. (PageID.129–32.) On March 17, 2014, Plaintiff followed up with her primary care provider, Dr. Adelita Saenz, after her ER visit. She was advised to continue to take her medications and hydrate. (PageID.96–99.) On May 7, 2014, Plaintiff was seen to discuss the results of the MRI scan, which revealed an enlarged pituitary gland. (PageID.133–66.)

The proffered evidence is new because it was generated after the ALJ's decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483–84. Assuming that Plaintiff satisfies the "good cause" requirement, she fails to satisfy the material requirement. In order to establish materiality, Plaintiff must show that introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276. Plaintiff seeks to use the new evidence for two reasons: that her headaches constituted a severe impairment and that the ALJ's determination that Plaintiff's visits to the ER had slowed was incorrect. (PageID.895.) Plaintiff cannot establish materiality under either approach. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments . . . does

not constitute reversible error"). The ALJ properly considered all Plaintiff's impairments, including those that were not severe. (PageID.161.) Accordingly, Plaintiff cannot succeed under this approach. Regarding the ER visits, none of the proffered evidence purports to assess Plaintiff's condition during the period at issue: May 31, 2012, through November 22, 2013. The proffered evidence generated after the ALJ's decision would not have persuaded the ALJ to reach a different conclusion on the question of whether Plaintiff was disabled from May 31, 2012, through November 22, 2013, the date of the ALJ's decision, and accordingly, Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted.[2]

**2.**

Plaintiff next faults the ALJ for his treatment of the medical opinions in the record. It appears Plaintiff is arguing the ALJ failed to identify a medical opinion to which he gave controlling weight. But an ALJ is not bound to rely on a single medical opinion in determining an RFC. *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("The ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an

---

[2] Elsewhere in Plaintiff's brief, Plaintiff faults the ALJ for failing to consider the opinion of Dr. Katherine Jawor and other various opinions from Muskegon Community Mental Health, arguing it was a serious reversible error. (PageID.897.) There are several records relating to Plaintiff's treatment at Muskegon Community Health, and Plaintiff has not identified which specific record the ALJ erred in considering. It appears, however, Plaintiff's argument concerns those records coinciding with Dr. Jawor's treatment of Plaintiff. The Court can hardly fault the ALJ for failing to consider these records, including those of Dr. Jawor, as they were not in existence at the time ALJ's decision, and were submitted for the first time to the Appeals Council. (PageID.34.) The earliest date on these records appears to be January 16, 2014, which is well over a month after the ALJ's November 22, 2013 decision. (PageID.34–61.) Because Plaintiff has failed to specify which records she argues the ALJ erred in considering, and in any event makes no attempt to argue for a sentence six remand for further consideration of these records, Plaintiff has waived this claim of error. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

assessment of [their] residual functional capacity."); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ not a physician ultimately determines a claimant's RFC.")  It is the ALJ who has the ultimate responsibility for assessing a Plaintiff's RFC, based on all of the relevant evidence. *See* 20 C.F.R. § 416.945(a).  A review of the medical opinions in the record reveals that is exactly what the ALJ did here, and accordingly Plaintiff can show no error.

      A.     Dr. Vasquez

The record contains two opinions from Dr. Virgilio Vasquez.  It appears Plaintiff argues only with the ALJ's treatment of the first. (PageID.897.)[3]  That opinion, dated August 26, 2013, concluded that Plaintiff "is unable to participate in gainful employment.  She seems to be motivated to get better but because of the chronicity of the problems it is going to be very difficult for her to get to the point that she can associate with people, respond to complex instruction, even simple instruction in a work field.  As above mentioned I feel [Plaintiff] is disabled for gainful employment." (PageID.797.)  The ALJ assigned "no weight" to this opinion because it was "an opinion on whether an individual is disabled" and such an opinion "goes to an issue reserved to the Commissioner and therefore cannot be given special significance.  It is also not consistent with the treatment record as a whole or supported by his treatment note on the same date indicating the claimant is doing very well." (PageID.167.)  Plaintiff argues the ALJ failed to properly credit this opinion.

---

[3]Dr. Vasquez's second opinion was rendered roughly a month later on September 20, 2013. He concluded that Plaintiff had no limitations on her ability to understand, remember, and carry out simple instructions, and was mildly to moderately impaired in her ability to interact with supervisors, coworkers, and the public. (PageID.847–48.)  The ALJ indicated he adopted this opinion into the RFC. (PageID.167.)

The treating physician rule recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). It appears undisputed that Dr. Vasquez qualifies as a treating physician.

The deference accorded to such opinions is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).  Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment.  *Id.* at 376–77.

The ALJ correctly noted that Dr. Vasquez's opinion Plaintiff was disabled was not a medical opinion that the ALJ was required to give controlling weight.  *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) ("The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician.")); *Buxton v. Halter*, 246 F.3d 762, 763 (6th Cir. 2001) (noting that while treating physicians' opinions may be entitled to great weight, the ALJ is not bound by conclusory statements regarding whether a person is legally disabled, especially if the ALJ's decision is well reasoned); *see also* 20 C.F.R. § 404.1527(d)(1)-(2) (noting that no special significance is given to medical opinions concluding a person is disabled, or opinions reserved to the Commissioner, such as the nature and severity of a person's impairments).  Accordingly, the ALJ did not err in rejecting this opinion.  The ALJ also provided "good reasons" for rejecting Dr. Vasquez's opinion that it would be difficult for Plaintiff to follow even simple instructions.  This statement was inconsistent with the doctor's subsequent opinion that Plaintiff had no limitations in understanding, remembering and carrying out simple instructions, as well as his contemporaneous treatment notes that stated Plaintiff was "doing very well" and was "alert, cooperative, and oriented" with satisfactory memory.  (PageID.794, 847.)  Accordingly, Plaintiff can show no error in the ALJ's treatment of Dr. Vasquez's opinion.

   B.  *Dr. Saenz*

   On September 18, 2013, Dr. Adelita Saenz filled out a check-box Medical Source Statement (MSS) regarding Plaintiff's mental RFC. (PageID.843–45.) She concluded that Plaintiff had no impairments on her ability to understand, remember, and carry out instructions, but was extremely impaired with regard to her ability to interact appropriately with the public and respond appropriately to usual work situations and to changes in a routine work setting. (PageID.843–44.) Dr. Saenz also believed Plaintiff had mild impairments on her ability to interact appropriately with supervisors and coworkers. (PageID.844.) The ALJ gave "little weight" to this opinion. (PageID.167.) It appears undisputed Dr. Saenz qualifies as a treating physician, and accordingly the ALJ was required to give the same consideration to the opinion as he was to the opinion of Dr. Vasquez.

   The Court concludes the ALJ properly considered Dr. Saenz's opinion under the treating physician rule. The ALJ first noted that Plaintiff was further limited with regards to her ability to understand, remember and carry out instructions than that found by the doctor. Plaintiff can thus show no prejudice from this aspect of the opinion. Regarding the extreme social limitations Dr. Saenz opined on, the ALJ noted they were inconsistent with Plaintiff's testimony at the administrative hearing that she was able to maintain positive relationships with family and friends, and got along well with supervisors. (PageID.205–08.) Plaintiff's testimony thus provided "good reasons" for giving less than controlling weight to Dr. Saenz's opinion, and accordingly the ALJ did not err in his treatment of this opinion under the treating physician rule.

### C. Dr. Mulder

The last physician identified by Plaintiff is Dr. Dennis Mulder, Ed.D., a licensed psychologist. On October 10, 2013, Dr. Mulder examined Plaintiff and wrote a letter to Plaintiff's attorney. The doctor gave his prognosis regarding Plaintiff as follows: "[t]he potential for the patient becoming gainfully employed in a simple, unskilled work situation on a sustained and competitive basis is guarded. It is my opinion that the patient meets the Listing at 12.04 and 12.06 and that she has been unable to work on a sustained basis since October 2011." (PageID.855.) Dr. Mulder also filled out an MSS based on the same visit with Plaintiff. Dr. Mulder opined that Plaintiff had mild impairments in her ability to understand and remember simple instructions, was moderately impaired in her ability to carry out those instructions as well as to make judgments on simple work-related decisions, and was extremely impaired in her ability to understand and remember complex instructions, carry out those instructions, and make judgments on complex work-related decisions. (PageID.857.) Dr. Mulder further opined that Plaintiff was moderately impaired in her ability to interact appropriately with the public, and markedly impaired in her ability to interact appropriately with supervisors and coworkers, and respond appropriately to usual work situations and to changes in a routine work setting. (PageID.858.)

The ALJ discounted Dr. Mulder's opinion for a number of reasons, none of which the Court finds tobe error. The ALJ first correctly noted that Dr. Mulder examined Plaintiff only on the one occasion before rendering his opinion, and thus did not establish a treating relationship such that the opinion was entitled to controlling weight. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006). Rather, as a consultative examiner, Dr. Mulder's opinion was not entitled to any particular weight. *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 744 (6th Cir.

2011). Accordingly, the ALJ was required to consider the opinion only under the factors in 20 C.F.R. §§ 404.1527(c) and 416.927(c). The ALJ also correctly noted that Dr. Mulder's opinion that Plaintiff met a listing, was an opinion reserved to the Commissioner. As noted above, opinions on some issues, including whether a claimant meets a listing, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(c). Finally, the ALJ determined Dr. Mulder's opinion was contradicted by the record, which the Court has determined is supported by substantial evidence. Accordingly, the ALJ did not err in his treatment of Dr. Mulder's opinion.

The Court, having found the ALJ did not err in his treatment of the medical opinions identified by Plaintiff, rejects Plaintiff's second claim of error.

**3.**

At the administrative hearing, Plaintiff testified that she was impaired to an extent far greater than that recognized by the ALJ. Specifically, Plaintiff testified that she could not work due to panic attacks that cause her to pass out. She stated she dealt with stress and was "just not able . . . to deal with work." (PageID.206.) Plaintiff argues the ALJ erred in his decision to discount her credibility.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled." 20

C.F.R. § 404.1529(a); *see also*, *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 F. App'x at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 F. App'x at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ

found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

Plaintiff questions the relevance of an ALJ's reliance on a claimant's daily activities to discount the claimant's credibility in circumstances in which the claimant's limitations are based on mental impairments. (PageID.897–98.) As an initial matter, it does not appear that this is purely a case of mental impairments. The ALJ determined that Plaintiff had the severe impairment of syncope, or fainting, which unquestionably is a physical impairment. (PageID.161.) Moreover, the ability to complete the tasks identified by the ALJ, including doing laundry, ironing, and cooking, are certainly relevant to Plaintiff's assertion that she could not sustain the concentration to carry out even simple tasks. In any event, even if Plaintiff is correct, the ALJ provided numerous other reasons to discredit Plaintiff's testimony. He noted, for example, that Plaintiff received unemployment benefits during the period of alleged disability. It was appropriate for the ALJ to draw an adverse inference regarding Plaintiff's credibility from her application for and receipt of unemployment benefits during the period she claims to have been disabled. *See Workman*, 105 F. App'x at 801 (6th Cir. 2004). Additionally, the ALJ noted that Plaintiff's alleged fainting spells were not fully supported in the record, noting that it was not clear Plaintiff actually lost consciousness during these episodes. (PageID.166.) On May 29, 2011, for example, Plaintiff was seen at Mercy Health for a complaint of passing out, however Plaintiff stated she lowered herself to the ground, rather than fell, after feeling lightheaded. (PageID.597.) At the hearing, Plaintiff

testified that she was able to hear people speaking during the period when she alleged she lost consciousness.  (PageID.197.)  All this suggests Plaintiff's syncope was not as severe as Plaintiff alleged.  In sum, substantial evidence supports the ALJ's decision to discount Plaintiff's credibility.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED.** A separate judgment shall issue.


Dated:  March 29, 2016                                          /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                United States District Judge